IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: AUGUST 8, 2008
08CV4509
JUDGE KENDALL
MAGISTRATE JUDGE COX
EDA
```

| | |
|---|---|
| Founders Insurance Company, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| Insurance Designers of Maryland, Inc., | ) |
| The Agency, LLC, | ) Judge |
| Indemnity Insurance Corporation of DC, Risk Retention Group, | ) Magistrate Judge |
| and | ) |
| Jeffrey B. Cohen, | ) |
| Defendants. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff Founders Insurance Company, by and through its attorneys, Patti, Hewitt & Arezina LLC complains of Defendants Insurance Designers of Maryland, Inc., The Agency, LLC, Indemnity Insurance Corporation of DC, Risk Retention Group, and Jeffrey B. Cohen, and in support thereof alleges as follows:

**Nature of Action**

1. This is a Complaint for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and Illinois common law unfair

1

competition, as well as tortious interference with prospective business advantage, defamation, commercial disparagement, and false light invasion of privacy.

## The Parties

2.     Plaintiff Founders Insurance Company (hereinafter "Founders") is an Illinois stock insurance company having its principal place of business located at 1645 East Birchwood Avenue, Des Plaines, Illinois 60018.  Plaintiff is in the business of insurance, and sells and distributes insurance products and services across the United States, and throughout this district.

3.     Upon information and belief, Defendant Insurance Designers of Maryland, Inc. (hereinafter "IDMD") is a corporation organized under the laws of the state of Maryland and has a principal place of business located at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152. Upon information and belief, IDMD is in the business of insurance, and provides insurance services in various jurisdictions in the United States.

4.     Upon information and belief, Defendant The Agency, LLC (hereinafter "The Agency") is a limited liability company organized under the laws of the state of Maryland and has a principal place of business located at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152. Upon information and belief, The Agency is in the business of insurance, and provides insurance services in various jurisdictions in the United States.  Upon information and belief, the sole member of The Agency, LLC is Jeffrey B. Cohen, a resident of Maryland.

5.     Upon information and belief, Defendant Indemnity Insurance Corporation of DC, Risk Retention Group (hereinafter "IICDC") is a corporation organized under the

laws of the District of Columbia and has a principal place of business located at 950 Ridgebrook Drive, Suite 1500, Sparks, Maryland 21152. Upon information and belief, IICDC is in the business of insurance, and provides insurance services in various jurisdictions in the United States.

6. Upon information and belief, Defendant Jeffery B. Cohen (hereinafter "Cohen") is an officer (president), the owner, and a director of IDMD, The Agency, and IICDC. Upon information and belief, Cohen is a resident of Maryland. Upon information and belief, at all times relevant hereto, Cohen did authorize, direct, participate in, was a moving force behind the acts complained of herein, as well as had the ability to supervise and had a financial interest in the acts complained of herein attributable to IDMD, The Agency, and IICDC constituting unfair competition, deceptive trade practices and disparagement as described herein.

**Jurisdiction and Venue**

7. This Court has exclusive subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists and the amount of damages sought by Plaintiff exceeds $75,000.00 exclusive of interest and costs. This Court further has jurisdiction over Plaintiff's related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

8. Upon information and belief, all of the Defendants committed the acts constituting unfair competition, deceptive trade practices and disparagement as

3

described herein within Illinois and within this Judicial District. In committing such acts, Defendants targeted their activities and communicated directly to residents and/or businesses within Illinois and within this Judicial District. Requiring Defendants to respond to this action will not violate due process. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

9. Venue is proper in this Judicial District under 28 U.S.C. §1391(b) and (c).

**Defendants' Activities**

10. Plaintiff hereby incorporates paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Plaintiff is, and at all relevant times was, engaged in selling and distributing insurance products and services across the United States.

12. In the conduct of its insurance business, Plaintiff has contracted with, and has the expectancy to contract in the future with, a number of insurance and re-insurance providers, including but not limited to:

    (a)    TOA Re-Insurance Company of America (hereinafter "TOA")
            177 Madison Avenue
            Morristown, NJ 07962

    (b)    SCOR Insurance Company (hereinafter "SCOR")
            One Pierce Place
            Suite 600
            Itasca, Illinois 60143

    (c)    Platinum Underwriters Reinsurance, Inc. (hereinafter "Platinum")
            2 World Financial Center
            225 Liberty Street, Suite 2300

New York, NY  10281

13. Upon information and belief, on or about July 30, 2008, Defendants distributed to TOA, SCOR, Platinum, and other third parties disparaging correspondence and promotional materials embodied in the form of written correspondence.

14. Upon information and belief, the disparaging correspondence and promotional materials were distributed using U.S. mail as well as electronic mail.  Upon information and belief, mailings of the disparaging correspondence and promotional materials were dispatched from the offices of Defendants IDMD, The Agency and IICDC located in Sparks, Maryland.

15. Upon information and belief, the disparaging correspondence and promotional materials were also distributed using electronic mail from the e-mail address **concernedunderwriter@yahoo.com** which is a Yahoo! Inc. email account created and set up contemporaneously by Defendants for the sole purpose of distributing the disparaging correspondence and promotional materials.  Upon information and belief, the subject email account was set up, created, accessed, and used either from computers located at the offices of Defendants IDMD, The Agency and IICDC located in Sparks, Maryland, or elsewhere by employees, agents, officers or directors of Defendants IDMD, The Agency and IICDC for the purposes of dispatching disparaging correspondence and promotional materials.

16. Upon information and belief, each of the Defendants' activities in dispatching the disparaging correspondence and promotional materials is and was knowing and willful, and performed with a conscious disregard of Plaintiff's rights.

17. Defendants dispatched the disparaging correspondence and promotional materials to TOA, SCOR, Platinum, and upon information and belief, other third parties within and outside of this Judicial District.

### Count I:  Violation of Section 1125(a) of the Lanham Act

18. Plaintiff hereby incorporates paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute federal unfair competition in violation of Section 1125(a) of the Lanham Act.  15 U.S.C. § 1125(a).

20. Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.

21. As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

### Count II:  Common Law Unfair Competition

22. Plaintiff hereby incorporates paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute Illinois state common law unfair competition.

24. Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.

25. As a result of their actions as pleaded herein, Defendants have misappropriated valuable property rights of Plaintiff, are likely to cause and continue to cause confusion as to the nature and quality of Plaintiff's insurance products, services and activities. By virtue of the aforementioned acts, Defendants engaged in unfair competition with respect to Plaintiff in violation of the common law of unfair competition of the State of Illinois.

26. As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

## Count III:  Illinois Uniform Deceptive Trade Practices Act

27. Plaintiff hereby incorporates paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq.

29. Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.

30. Defendants' distribution and dissemination of the disparaging correspondence and promotional materials disparages the goods, services and business of the Plaintiff by false and misleading representations of fact.

31. Furthermore, Defendants' distribution and dissemination of the disparaging correspondence and promotional materials improperly represents that Plaintiff's goods and services have characteristics which they do not have, and engages in conduct which creates a likelihood of misunderstanding of Plaintiff's products, services, and business.

32. Defendants' aforesaid activities are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

33. As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

### Count IV:  Illinois Consumer Fraud and Deceptive Trade Practices Act

34. Plaintiff hereby incorporates paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Plaintiff hereby alleges violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et. seq.

36. Defendants' distribution and dissemination of the disparaging correspondence and promotional materials in interstate commerce constitute false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities.

37. The aforesaid conduct by Defendants implicates consumer protection concerns, including *inter* alia, by deceiving consumers and other members of the public, including people who might otherwise consider doing business with Plaintiff.

38. Such deceptive conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

39. Pursuant to 815 ILCS 505/10a and /10c, Plaintiff is entitled to recover its actual damages as well as costs and attorneys' fees.

40. The conduct of Defendants complained of herein is outrageous and such acts, upon information and belief, were performed with malice, evil motive, or reckless indifference toward rights of Plaintiff, consumers, and others. As a direct result thereof, Plaintiff is entitled to an award of punitive damages pursuant to the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

41. Pursuant to 815 ILCS 510/3 Plaintiff is entitled to injunctive relief against Defendants to enjoin present and future deceptive conduct, as well as for an award of Plaintiff's costs and attorneys' fees.

42. Defendants' aforesaid activities disparage the goods, services and business of the Plaintiff by false and misleading representations of fact, improperly represents that Plaintiff's goods and services have characteristics which they do not have, and engages in conduct which creates a likelihood of misunderstanding of Plaintiff's products, services, and business, in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1.

43. As a direct and proximate result of such activities, Plaintiff has incurred and will in the future incur damages.

**Count V – Tortious Interference with Prospective Business Advantage**

44.     Plaintiff hereby incorporates paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Plaintiff had a reasonable expectation of entering into additional valid business relationships with a variety of reinsurers, including TOA, SCOR, Platinum and others, relating to Plaintiff's reinsurance needs.

46.     Defendants knew of Plaintiff's expectancy for such ongoing reinsurance relationships.

47.     Defendants activities in distribution and dissemination of the disparaging correspondence and promotional materials were performed purposely and intentionally to cause interference between Plaintiff and such reinsurers, and to prevent Plaintiff's legitimate business expectancies from ripening into valid business relationships.

48.     As a direct result of such activities, Plaintiff has suffered damages from such interference.


**Count VI:  Defamation**

49.     Plaintiff hereby incorporates paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Upon information and belief, the false statements made by the Defendants in distribution and dissemination of the disparaging correspondence and promotional materials included statements that Plaintiff was unethical, untruthful, fraudulent, lacked

integrity and character in performing its business, and other statements disparaging Plaintiff's ability to perform its business.

51.  Such statements related to Plaintiff's business constitute defamation per se.

52.  As a direct and proximate result of such false statements, Plaintiff has incurred and will in the future incur damages relating to loss of business, interference with contractual relations with its re-insurers, damage to reputation, and other damages.

### Count VII – Commercial Disparagement

53.  Plaintiff hereby incorporates paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.  Upon information and belief, the false statements made by the Defendants in distribution and dissemination of the disparaging correspondence and promotional materials constitute false and demeaning statements regarding the quality of Plaintiff's products and professional services.

55.  As a direct and proximate result of such false statements, Plaintiff has incurred and will in the future incur damages relating to loss of business, interference with contractual relations with its re-insurers, damage to reputation, and other damages.

### Count VIII – False Light Invasion of Privacy

56.  Plaintiff hereby incorporates paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Upon information and belief, the false statements made by the Defendants in distribution and dissemination of the disparaging correspondence and promotional materials place Plaintiff in a false light before the public.

58. Such false light would be, and is, offensive to a reasonable person.

59. In making such statements, the Defendants acted with actual malice.

60. As a direct and proximate result of such false statements, Plaintiff has incurred and will in the future incur damages relating to loss of business, interference with contractual relations with its re-insurers, damage to reputation, and other damages.

61. As a direct and proximate result of such statements, Plaintiff has suffered harm and damage to its reputation.

### **Prayer for Relief**

WHEREFORE, Plaintiff requests the following:

1. That the Defendants, and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

   A. directly or indirectly disparaging Plaintiff, and its products, services, and business;
   B. making, distributing or disseminating false and misleading descriptions and representations of fact which misrepresent the nature, characteristics, and qualities of Plaintiff's insurance products, services, and activities; and
   C. unfairly competing with Plaintiff in any manner whatsoever.

2. That the Defendants be ordered to destroy all documents, disparaging correspondence and promotional materials in their possession, custody or control, that

Defendants recall all such documents, disparaging correspondence and promotional materials from all recipients to which they were sent, and that Defendants be required to issue retractions to all such recipients of the false and misleading statements.

3. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

> A. all profits received by Defendants from sales and revenues of any kind in connection with the unfair competition and disparaging statements made as described herein;
> B. all damages sustained by Plaintiff as a result of Defendants' acts of unfair competition, deceptive trade practices and violation of the common law of Illinois and that such damages be trebled;
> C. all damages sustained by Plaintiff as a result of Defendants' acts of defamation, commercial disparagement, false light invasion of privacy, and tortious interference with prospective business advantage; and
> D. punitive damages in an amount sufficient to punish Defendants for their willful, wanton, and reckless behavior and to deter future such behavior by Defendants and others.

4. That the Defendants be ordered to compensate Plaintiff in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Defendants' unlawful actions.

5. That, pursuant to 15 U.S.C. § 1116, the Defendants be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

6. That Plaintiff be awarded its attorneys fees and costs, and pre-judgment and post-judgment interest.

7. That Plaintiff have such other and further relief as this Court may deem just.

**Jury Demand**

Plaintiff demands a jury trial on all issues so triable.

Dated: August 8, 2008                                   Respectfully Submitted, on behalf of
                                                        Founders Insurance Company


                                                        By:  /s/ Vladimir I. Arezina
                                                        Vladimir I. Arezina,
                                                        One of Its Attorneys

Plaintiff's Attorneys:
Vladimir I. Arezina
Carmen B. Patti
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
varezina@phalegal.com